# Exhibit J



March 31, 2025

**Via Electronic Mail**

C. David Brown, P.G.
Environmental Program Manager
Environmental Cleanup and Brownfields
Pennsylvania Department of Environmental Protection
Southeast Regional Office
2 East Main Street
Norristown, PA 19401
cdbrown@pa.gov

Re:    **March 6, 2025 Order**
          **Twin Oaks – Newark 14"-Diameter Pipeline**
          **Upper Makefield Township, Bucks County**

Dear David:

On March 6, 2025, the Department issued an Order the ("Order") to Sunoco Pipeline L.P. ("SPLP") and Energy Transfer (R&M), LLC, regarding the release of petroleum products from the 14"-diameter Twin Oaks–Newark Pipeline (the "Pipeline"), which is owned and operated by SPLP.  SPLP responds to the Order to address certain factual inaccuracies in the Order, and also to provide the Department with a status update regarding the Interim Remedial Measures and Remediation tasks identified in the Order.

As an initial matter, the Order was issued to SPLP and its affiliate, Energy Transfer (R&M), LLC.  To be clear, SPLP is the owner and operator of the Pipeline.  Energy Transfer (R&M) LLC does not own or operate the Pipeline, and the company does not have an ownership interest in SPLP.  Energy Transfer (R&M), LLC is therefore not a proper party to the Order.[1]

## I.    Response to Paragraphs A-Z

SPLP responds to the statements included in the factual recitals and legal conclusions in Paragraphs A-Z of the Order, as follows:

- **Paragraph B** – identifies "*Sunoco Logistics Partners Operations GP LLC*" as the "*General Partner*" of SPLP.  On March 1, 2022, Sunoco Logistics Partners Operations GP LLC changed its name to Energy Transfer Operations GP LLC.

---

[1] SPLP's response to and compliance with the Order is without waiver of any argument that Energy Transfer (R&M), LLC has been improperly named in the Order.

Twin Oaks-Newark 14"-Diameter Pipeline
Response to Administrative Order
March 31, 2025
Page 2

- **Paragraph C** – even though Energy Transfer (R&M) LLC is not a proper party to the Order, the allegations regarding the company included in Paragraph C of the Order are inaccurate.  Paragraph C of the Order identifies Energy Transfer (R&M) LLC as a *"Pennsylvania Business Corporation and maintains a headquarters address of 1735 Market Street, Philadelphia, PA 19103 and a business address of 100 Green Street, Marcus Hook PA 19061" and that it is "parent entity of [SPLP]."*  These statements are not accurate.  Energy Transfer (R&M) LLC is a Pennsylvania limited liability company, its corporate headquarters is located at 8111 Westchester Drive, Dallas, TX 75225, and Energy Transfer (R&M) LLC is not a parent entity of SPLP.

- **Paragraph D** – collectively defines Energy Transfer (R&M), LLC and SPLP as "*Energy Transfer*," which is a defined term used throughout the remainder of the Order.  For the reasons set forth above, Energy Transfer (R&M), LLC is not a proper party to the Order, and SPLP will therefore interpret the defined term "*Energy Transfer*" as used throughout the Order to mean and refer to ***SPLP only***.

- **Paragraph H** – the Department states that the sleeve installed on the Pipeline "*was installed over thirty years ago*."  The sleeve was installed in 1995.

- **Paragraph I** – the Department asserts that the "Pipeline Release has contaminated groundwater in the area of the release and separate-phase liquid petroleum, and dissolved concentrations of petroleum chemicals have been detected in potable groundwater wells in the Mt. Eyre neighborhood."  SPLP is continuing to investigate any impacts to groundwater from the release.

- **Paragraphs J and K** – summarize detections of petroleum separate-phase liquid or concentration of Volatile Organic Compounds ("VOCs") in water samples in the Mt. Eyre neighborhood as of the date of the Order.  As the Department is aware, the detections of VOCs in water samples are dynamic.  Beginning on January 22, 2025, SPLP was communicating to the Department sampling being performed in the neighborhood. SPLP then began providing written reports regarding the sampling to the Department beginning on February 3, 2025.  SPLP will continue to report sampling results to the Department in accordance with the terms of the Order.

- **Paragraph L** – states that the Notice of Intent to Remediate indicates SPLP's intention to remediate using the Statewide health standard under Act 2.  For clarity, the Notice of Intent to Remediate listed that SPLP intends to pursue the residential Statewide health standard for both soils and groundwater.

- **Paragraphs M through Z** – SPLP disputes and does not admit any of the legal conclusions set forth in Paragraphs M through Z of the Order.

2971010_1

Twin Oaks-Newark 14"-Diameter Pipeline
Response to Administrative Order
March 31, 2025
Page 3

II.    <u>Response to and Summary of Compliance with Paragraph 1</u>

SPLP responds to and summarizes its compliance with each of the Interim Remedial Measures identified in Paragraph 1.a. through 1.i. of the Order as follows:

- **Paragraph 1.a: Bottled Water** – requires that *"[w]ithin five (5) calendar days after the date of this Order, [SPLP] shall supply bottled water to all properties with potable groundwater wells within at least the Mt. Eyre neighborhood topographic watershed plus a minimum 500-foot buffer, in Upper Makefield Township, Bucks County that have concentrations of VOCs above background concentrations in the area and shall continue supplying bottled water to these properties until [SPLP] obtains Department approval of the remedial action plan, required by Paragraph 2.b. below."*

    o    As the Department is aware, the "Mt. Eyre neighborhood topographic watershed plus a minimum 500-foot buffer" that is referenced in this paragraph and throughout the Order was established by SPLP to define the area for further investigation of potential impacts.  This area was presented on maps at the public meeting held in Upper Makefield Township on February 13, 2025.
    o    As reflected and summarized in the March 11, 2025 email submitted by Gus Borkland to the Department (*see* **Attachment 1**), and also summarized in the Interim Remedial Action Plan submitted to the Department on March 19, 2025 (*see* **Attachment 5**) –  SPLP has been providing bottled water at SPLP's sole cost and expense to residents in the Mt. Eyre neighborhood since January 27, 2025, over a month before the Order was issued (*see* **Attachment 2**).
    o    Please also note that SPLP has not restricted bottled water pick-up, delivery, or reimbursement for bottled water to only those residents in the Mt. Eyre neighborhood topographic watershed plus 500-foot buffer, or to only those with water samples with VOC results with concentrations above background.  Rather SPLP has made bottled water available to any resident in the Upper Makefield community upon request.  Through March 28, 2025, SPLP has provided bottled water to residents more than 231 separate times (*see* **Attachment 2**). SPLP will continue to provide bottled water to residents upon request until SPLP obtains the Department's approval of the remedial action plan required by paragraph 2.b of the Order.

- **Paragraph 1.b: Point of Entry Treatment ("POET") Systems** – requires that *"[w]ithin ten (10) calendar days after the date of this Order, [SPLP] shall supply and install point-of-entry treatment ("POET") systems on the water supply for each property with a potable groundwater well within at least the Mt. Eyre neighborhood topographic watershed plus a minimum 500-foot buffer, in Upper Makefield Township, Bucks County that have concentrations of VOCs exceeding the MCLs and within five (5) days after installation, perform confirmatory sampling of groundwater collected post-treatment from a potable*

Twin Oaks-Newark 14"-Diameter Pipeline
Response to Administrative Order
March 31, 2025
Page 4

> *point of use location at the affected property to demonstrate attainment of Statewide health standard medium-specific concentrations (MSCs) for VOCs.*"

- o As reflected and summarized in the March 16, 2025 email from Gus Borkland to the Department (*see* **Attachment 3**), and also summarized in the Interim Remedial Action Plan submitted to the Department on March 19, 2025 (*see* **Attachment 5**) – SPLP completed the installation or upgrade of POET systems at each of the six (6) properties in the Mt. Eyre neighborhood topographic watershed plus 500-foot buffer area where sampling results either showed a concentration of VOCs above the MCLs or where free product, also referred to as light non-aqueous phase liquid ("LNAPL"), was observed in the well at the property.  The POET installations and/or upgrades were completed at each of these 6 properties between February 7-19, 2025 – before the date of the Order. Post-POET installation sampling was completed at each of these 6 properties between 2/12/2025 and 2/20/2025, as reflected in the summary of analytical sampling that is provided to the Department each day.  These properties will continue to be re-sampled at minimum on a quarterly basis in accordance with Paragraph 1.d of the Order

- **Paragraph 1.c.i: Additional Properties – Bottled Water** – requires that *"[w]ithin two (2) calendar days after discovering any additional potable groundwater wells on properties within the Mt. Eyre neighborhood topographic watershed plus a minimum 500-foot buffer, in Upper Makefield Township, Bucks County that contain VOCs above the MCLs and the property does not have a POET capable of treating VOCs to meet the MCLs, notify the property owner/occupant within 24 hours and supply bottled water to the property.*"

  - o As of the date of this submission, there are no additional properties that have been sampled that fall within the criteria identified in Paragraph 1.c.i of the Order, but if any are discovered in the future, SPLP will comply with the conditions of this paragraph of the Order.  Please note that as stated above, SPLP has not restricted bottled water pick-up, delivery, or reimbursement for bottled water to only those residents in the Mt. Eyre neighborhood topographic watershed plus 500-foot buffer, but rather SPLP has made bottled water available to any resident in the Upper Makefield community upon request.

- **Paragraph 1.c.ii: Additional Properties – POET System** – requires that *"[w]ithin ten (10) calendar days after discovering any additional potable groundwater wells on properties within the Mt. Eyre neighborhood topographic watershed plus a minimum 500-foot buffer, in Upper Makefield Township, Bucks County that contain VOCs above the MCLs and the property does not have a POET capable of treating VOCs to meet Statewide health standard MSCs, supply and install POET systems on the water supply and within five (5) days after installation, perform confirmatory sampling of groundwater collected*

Twin Oaks-Newark 14"-Diameter Pipeline
Response to Administrative Order
March 31, 2025
Page 5

*post-treatment from a potable point of use location at the affected property to demonstrate attainment of Statewide health standard MSCs for VOCs.*"

- o As of the date of this submission, there are no additional properties that have been sampled that fall within the criteria identified in Paragraph 1.c.ii of the Order, but if any are discovered in the future, SPLP will comply with the conditions of this paragraph of the Order.
- o Please note that beginning February 13, 2025, before the date of the Order, SPLP made offers install POET systems directly to landowners of all properties in the Mt. Eyre neighborhood topographic watershed plus a minimum 500-foot buffer, and to fund the costs of maintenance, servicing, and follow-up sampling of the POET systems at SPLP's sole cost and expense, on at minimum a quarterly basis for a minimum of ten (10) years. Further, as reflected in the March 16, 2025 email from Gus Borkland to the Department (*see* **Attachment 3**), and also summarized in the Interim Remedial Action Plan submitted to the Department on March 19, 2025 (*see* **Attachment 5**) – SPLP has installed, upgraded, or reimbursed landowners for the installation of POET systems throughout the Mt. Eyre neighborhood topographic watershed plus 500-foot buffer, regardless of whether the properties have sample results reflecting detectable concentrations of VOCs. Through March 28, 2025, SPLP has installed, upgraded, or reimbursed landowners for 118 POET systems, with an additional 39 POET systems planned to be installed in the near future. A list of all properties with POET system installations, upgrades, or reimbursements is being provided to the Department on a daily basis as a component of the daily reporting performed in accordance with Paragraph 1.e of the Order.

- **Paragraph 1.d: POET Quarterly Sampling and Maintenance** – requires that "*[SPLP] shall sample and maintain the POET, as necessary. Maintenance of the POET will include quarterly sampling of the inlet, midport and outlet of the POET to determine whether breakthrough of the POET has been detected and, if warranted, the replacement of a carbon filter, until the Department determines that a POET is no longer needed.*"

- o As noted above, on February 13, 2025, before the date of the Order, SPLP made offers to install POET systems directly to landowners of all properties in the Mt. Eyre neighborhood topographic watershed plus a minimum 500-foot buffer, and to fund the costs of maintenance, servicing, and follow-up sampling of the POET systems at SPLP's sole cost and expense, on at minimum a quarterly basis for a minimum of ten (10) years. SPLP will continue to perform POET system maintenance, including sampling at least on a quarterly basis, in accordance with this Paragraph 1.d of the Order.

- **Paragraph 1.e: Daily Reports** – requires that *"[b]eginning one day after the date of this Order and continuing until the Department notifies [SPLP] in writing that a different period of time is acceptable, [SPLP] shall submit to the Department an electronic daily*

2971010_1

Twin Oaks-Newark 14"-Diameter Pipeline
Response to Administrative Order
March 31, 2025
Page 6

> *summary progress report of the activities performed by [SPLP] regarding the Pipeline Release. The report shall include the following:*
>   i. *Numbers to date of potable wells sampled, laboratory results received, and scheduled potable well sampling.*
>   ii. *Numbers to date of tested potable wells exceeding Statewide health standard MSCs for VOCs, and tested potable wells with detections of VOCs that do not exceed MSCs.*
>   iii. *Numbers to date of POET installed by [SPLP], POET installed by others that are known by [SPLP], and planned POET by [SPLP] and by others.*
>   iv. *A list of properties, to date, known to [SPLP] with operating POET or other treatment systems for VOCs, a list of properties with VOC detections that do not have POET or other treatment systems, a list of properties with planned POET, and a list of properties with VOC detections where [SPLP] does not know whether the property has a POET.*
>   v. *Numbers to date of properties that have requested POET from [SPLP] and where [SPLP] has declined to install or pay for the installation of POET.*
>   vi. *A list of properties, to date, that have requested POET and where [SPLP] has declined to install or pay for the installation of POET, and the reasoning for declining.*
>   vii. *Tables of all property well sampling analytical results, property well gauging results, and wellhead field screening results.*
>   viii. *Site characterization activities performed.*
>   ix. *Site remediation activities performed.*"

- o   As the Department is aware, beginning on January 22, 2025, SPLP was communicating to the Department regarding the water sampling being performed in the neighborhood. SPLP then began providing written reports regarding the water sampling to the Department beginning on February 3, 2025, providing updates to the Department summarizing water sampling performed, together with a detailed summary of the laboratory results received, as well as a schedule for additional sampling efforts.  Before the date of the Order, SPLP was also communicating with the Department regarding the installation or upgrades of POET systems at each of the six (6) properties in the Mt. Eyre neighborhood topographic watershed plus 500-foot buffer area where sampling results either showed a concentration of VOCs above the MCLs or LNAPL was observed in the well at the property.
- o   Also, since January 22, 2025, before the date of the Order, SPLP was providing updates to the Department multiple times per week to describe the site investigation, site characterization, and remediation activities that were being performed.
- o   In compliance with the terms of Paragraph 1.e of the Order, since March 7, 2025, SPLP has submitted a daily summary report to the Department which includes each of the items identified in Paragraphs 1.e.i through 1.e.ix of the Order. SPLP will continue to provide the daily summary report to the Department in accordance with the terms of the Order.

Twin Oaks-Newark 14"-Diameter Pipeline
Response to Administrative Order
March 31, 2025
Page 7

- **Paragraph 1.f: Laboratory Reports Received Through 3/14/25** – requires that *"[b]y March 14, 2025, [SPLP] shall submit to the Department all laboratory reports for all property well sampling received by [SPLP] to that date."*

  o As noted above, since February 3, 2025, before the date of the Order, SPLP provided the Department a summary table of all laboratory results for water sampling that was being performed. On March 14, 2025, in compliance with paragraph 1.f of the Order, SPLP compiled all laboratory reports that had been received to date and transmitted the reports to the Department (*see* **Attachment 4**).

- **Paragraph 1.g: Laboratory Reports Weekly Update** – requires that *"[b]eginning March 21, 2025 and continuing on a weekly basis, [SPLP] shall submit to the Department all laboratory reports for all property well sampling received in the preceding 7-day period."*

  o Beginning on March 21, 2021, SPLP submitted a weekly update of all laboratory reports for sampling performed in the prior 7-day period (*see e.g.*, **Attachment 10**). SPLP will continue to comply with Paragraph 1.g of the Order by providing the Department with copies of additional laboratory results for water sampling that is being performed on a weekly basis each Friday.

- **Paragraph 1.h:  Interim Remedial Action Plan** – requires that *"[b]y March 19, 2025, [SPLP] shall submit to the Department an interim remedial action plan, describing soil, groundwater, surface water, and vapor intrusion remedial measures, and an implementation schedule. The plan shall describe proposed short-term measures to protect human health and the environment."*

  o On March 19, 2025, SPLP submitted an Interim Remedial Action Plan by email from Gus Borkland to the Department (*see* **Attachment 5**).

- **Paragraph 1.i: Vapor Intrusion Investigation Progress Report** – requires that "*[b]y April 2, 2025, [SPLP] shall submit to the Department a vapor intrusion investigation progress report describing activities to date, results, mitigation measures (if applicable), plans for further evaluation, and a schedule for mitigation and evaluation consistent with the Land Recycling Program Technical Guidance Manual, Section IV (the Department Doc. 261-0300-101)."*

  o Prior to the issuance of the Order, SPLP developed an Indoor Air Sampling and Analysis Plan (dated Feb. 21, 2025), and pursuant to that plan performed an initial round of indoor air sampling at five (5) properties in the Mt. Eyre neighborhood on February 25 through 26, 2025. The results of that sampling were provided directly to each particular landowner on March 15, 2025, with copies provided to the Department via email on March 17, 2025. Indoor air sampling was also performed at one (1) additional location on March 15-16, and the results for that additional

Twin Oaks-Newark 14"-Diameter Pipeline
Response to Administrative Order
March 31, 2025
Page 8

property are pending, but will be provided to the landowner and the Department. A second round of sampling will be performed at each of the six (6) properties where an initial round of indoor air sampling was taken, within approximately 45 days after the initial sampling event. SPLP will continue to perform indoor air sampling in accordance with the Indoor Air Sampling and Analysis Plan and provide the results of that sampling to landowners and to the Department. SPLP will also prepare and submit the requested vapor intrusion investigation progress report to the Department no later than April 2, 2025.

### III.    Response to and Summary of Compliance with Paragraph 2

SPLP responds to and summarizes its compliance with each of the Remediation components identified in Paragraph 2.a. through 2.d of the Order as follows:

- **Paragraph 2.a: Remediation in Accordance with Act 2** – requires that *"[SPLP] shall remediate the release of regulated substances from the Pipeline Release in accordance with the remediation standards of Act 2 and the requirements of this Order."*

  o As the Department is aware, SPLP published and submitted a Notice of Intent to Remediate to the Department on February 13, 2025, nearly a month prior to the Department's issuance of the Order (*see* **Attachment 6**). A revised Notice of Intent to Remediate was also submitted (*see* **Attachment 7**). SPLP has selected to perform remediation efforts to attain residential statewide health standards for both soil and groundwater. All investigation, characterization, and remediation efforts will comply with the Act 2 remediation standards and the requirements of the Order.

- **Paragraph 2.b:  Proposed Implementation Schedule** – requires that *"[b]y March 14, 2025, [SPLP] shall submit to the Department a proposed implementation schedule for the following:*
  i. *Submission of a work plan for characterization of the nature, extent, direction, rate of movement, volume and composition of regulated substances released into the environment from the Pipeline Release in accordance with Act 2;*
  ii. *Completing work to characterize the nature, extent, direction, rate of movement, volume and composition of regulated substances released into the environment from the Pipeline Release in accordance with Act 2 and submitting a report describing the interim characterization of the nature, extent, direction, rate of movement, volume and composition of regulated substances released into the environment from the Pipeline Release in accordance with the remediation standard(s) of Act 2*
  iii. *Submitting a plan addressing all remedial actions to address the release of regulated substances released into the environment from the Pipeline Release to meet the remediation standard(s) of Act 2*

2971010_1

Twin Oaks-Newark 14"-Diameter Pipeline
Response to Administrative Order
March 31, 2025
Page 9

     iv. *Submitting a final report demonstrating attainment of Act 2 cleanup standard(s) for the regulated substances released into the environment from the Pipeline Release in accordance with the requirements of Act 2*

     v. *Submitting to the Department remedial action progress reports once every ninety (90) days describing characterization activities and results, remedial action implementation and results, public involvement activities, planned site characterization work and remedial actions.*"

- o On March 14, 2025, SPLP submitted a proposed implementation schedule as required by Paragraph 2.b of the Order (*see* **Attachment 8**).

- **Paragraph 2.c: Implementation of Work in Accordance with Schedule** – requires *"[u]pon approval of the implementation schedule required by Paragraph 2.b., above, [SPLP] shall implement the work in accordance with the deadlines set forth in the Department-approved implementation schedule.*"

  - o SPLP will comply with this requirement of the Order and perform the tasks required to complete the Act 2 process.  SPLP is awaiting the Department's approval of the implementation schedule submitted on March 14, 2025.

- **Paragraph 2.d:  Public Involvement Plan** – requires that *"[b]y March 21, 2025, [SPLP] shall submit to the Department and Upper Makefield Township a Public Involvement Plan ("PIP"). The PIP will be subject to review and comment by the Department and the Township. [SPLP] shall respond to comments and revise the PIP within 14 days of receipt of comments by the Department or the Township. The PIP shall include, at a minimum, the following elements:*

     i. *Public access at convenient location(s) for document reviews. Hardcopies of documents shall be available at one or more locations. Documents shall also be available on an [SPLP]–hosted website. Documents available for public review shall include, at a minimum, all site characterization and remedial action plans and reports enumerated by this order, all Act 2 reports and requests, all Department decision and comment letters, and all addendums and responses to Department decision and comment letters.*

     ii. *One or more [SPLP] points of contact to address questions and receive comments from the community and Township.*

     iii. *A description and schedule for public hearings and meetings.*

     iv. *An outreach plan to inform the community and Township of significant project activities and the availability of documents for public review, as defined in (a) above.*

     v. *Specifications for submittal of public comments on the documents defined in (a) above, including methods for submitting comments and comment periods.*"

  - o On March 21, 2025, SPLP submitted a proposed Public Involvement Plan to the Department and Upper Makefield Township (*see* **Attachment 9**), which includes

Twin Oaks-Newark 14"-Diameter Pipeline
Response to Administrative Order
March 31, 2025
Page 10

the elements identified in Paragraph 2.d of the Order.  SPLP will respond to comments from the Department and Upper Makefield Township once they are received and will make any necessary revisions to the Public Involvement Plan in accordance with Paragraph 2.d of the Order.

*********

Please note that nothing in this response should be construed either as an admission of any of the legal conclusions set forth by the Department in the Order or as a waiver of any legal defenses SPLP may possess.

If you have any questions or need additional information regarding this response and the attached documents, please contact me via email at matthew.gordon@energytransfer.com.

Thank you,

Matthew Gordon
Vice President of Operations
Energy Transfer

**List of Attachments:**
1. March 11, 2025 – Email from Gus Borkland to PADEP – Regarding Bottled Water
2. Updated Tracking Spreadsheets for Bottled Water
3. March 16, 2025 – Email from Gus Borkland to PADEP – Regarding POET Installations
4. March 14, 2025 – Email from Gus Borkland to PADEP – Transmitting Lab Reports
5. March 19, 2025 – Interim Remedial Action Plan
6. February 13, 2025 – Notice of Intent to Remediate
7. March 4, 2025 – Revised Notice of Intent to Remediate
8. March 14, 2025 – Proposed Implementation Schedule
9. March 21, 2025 – Proposed Public Involvement Plan
10. March 21, 2025 and March 28, 2025 – Email from Chris Embry to PADEP – Transmitting Updated Lab Reports

2971010_1